**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000059
28-JUN-2011
10:28 AM**

NO. CAAP-11-0000059

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK,
AS TRUSTEE FOR THE HOLDERS OF THE GE-WMC ASSET-BACKED PASS-
THROUGH CERTIFICATES, SERIES 2006-1, Plaintiff-Appellee,

v.

VALERIE A. PASCUA, Defendant-Appellant,

and

DOES 1-20, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 10-1-0198(1))

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that this court
does not have jurisdiction over Defendant-Appellant Valerie A.
Pascua's (Appellant Pascua) appeal from the Honorable Joel E.
August's January 25, 2011 "Notice of Trial Date; Pretrial Order"

because the January 25, 2011 "Notice of Trial Date; Pretrial Order" is not independently appealable, and the circuit court has not yet entered an appealable final judgment on all claims pursuant to Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) authorizes appeals to the intermediate court of appeals only from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." "An appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). The record on appeal for appellate court case number CAAP-11-0000059 was filed on April 4, 2011, at which time the record on appeal did not contain a separate and final judgment in this case. Absent a separate and final judgment, the January 25, 2011 "Notice of Trial Date; Pretrial Order" is not eligible for appellate review.

Although exceptions to the final judgment requirement exist under Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b), the

January 25, 2011 "Notice of Trial Date; Pretrial Order" does not satisfy the requirements for appealability under the <u>Forgay</u> doctrine, the collateral order doctrine, and HRS § 641-1(b). <u>See</u> <u>Ciesla v. Reddish</u>, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the <u>Forgay</u> doctrine); <u>Abrams v. Cades, Schutte, Fleming & Wright</u>, 88 Hawaiʻi 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Therefore, the January 25, 2011 "Notice of Trial Date; Pretrial Order" is not an appealable order.

Absent an appealable separate judgment, Appellant Pascua's appeal is premature, and we lack appellate jurisdiction over Appeal No. CAAP-11-0000059.

Accordingly, IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, June 28, 2011.

Chief Judge

Associate Judge

Associate Judge